**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.                                                                Case No.:    3:18-cr-37-J-34JBT

CHELLENA ARNETTA HAYES

_____/

## ORDER

This case is before the Court on Defendant Chellena Hayes's Motion for Compassionate Release. (Doc. 82, Motion). The government has responded in opposition (Doc. 85, Response), and Hayes has replied (Doc. 86, Reply).

Hayes is incarcerated at Tallahassee FCI, serving a 60-month term of imprisonment for six counts of wire fraud. (Doc. 62, Judgment). According to the Bureau of Prisons (BOP), she is scheduled to be released on April 25, 2023. Hayes seeks early release from prison under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), citing high blood pressure, obesity, and the Covid-19 pandemic.[1] The United States opposes the Motion because Hayes did not exhaust her administrative remedies, because she has not shown the existence of extraordinary and compelling circumstances, because the BOP is taking significant measures to respond to the Covid-19 crisis, and because the § 3553(a) factors do not support a reduction in sentence. The motion is due to be denied.

Ordinarily, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, as amended by the First Step Act, § 3582(c)

---

[1] Hayes also states that she takes medication for anxiety, manic depression, and bladder leakage, Motion at 1, but the Centers for Disease Control (CDC) have not identified these as Covid-19 risk factors.

1

provides in relevant part:

> **(A)** the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > **(i)** extraordinary and compelling reasons warrant such a reduction …
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission's policy statement on compassionate release is set forth at U.S.S.G. § 1B1.13. A movant for compassionate release bears the burden of proving that a reduction in sentence is warranted. United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. Jun. 7, 2019); cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (a movant under § 3582(c)(2) bears the burden of proving that a sentence reduction is appropriate).

At the outset, the government contends that Hayes failed to satisfy § 3582(c)(1)(A)'s exhaustion requirement because she never submitted a request for compassionate release to the warden of her facility. Response at 4-6; (see also Doc. 85-1, Administrative Remedy Log). However, along with her Reply, Hayes attached a copy of a compassionate release request that she submitted to the warden on April 16 and 17, 2020. (Doc. 86-1, Administrative Remedy Request). More than 30 days elapsed between the submission of that request and when she filed the Motion on May 18, 2020. As such, Hayes has satisfied the compassionate release statute's 30-day exhaustion alternative.

2

Although Hayes has satisfied the statute's exhaustion requirement, she has not shown "extraordinary and compelling" reasons for compassionate release. See 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13 & cmt. 1. While the Covid-19 pandemic has impacted many cities and communities, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). Nor do Hayes's allegations of having hypertension and obesity – alone or in combination with Covid-19 – create an extraordinary and compelling justification for compassionate release. Hayes asserts that she has high blood pressure and a body mass index (BMI) of greater than 40, Motion at 1, but she has offered no documentary support for either assertion. The lack of supporting documentation matters because a defendant bears the burden of proving her entitlement to a sentence reduction. Heromin, 2019 WL 2411311, at *2; Hamilton, 715 F.3d at 337.

But, even assuming that Hayes does have hypertension and obesity, those conditions still would not establish the existence of extraordinary and compelling circumstances. To be sure, the CDC advises that obesity increases the risk of severe illness from Covid-19, and that high blood pressure <u>might</u> increase the risk of severe infection as well.[2] However, neither of these conditions is extraordinary. According to the CDC, 108 million adults in the United States (nearly 45%) have high blood pressure or take medication for the condition.[3] Similarly, as of 2017-2018, 42.4% of American adults

---

[2] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (emphasis in original).
[3] https://www.cdc.gov/bloodpressure/facts.htm.

3

suffer from obesity.[4] Assuming federal prisoners experience these conditions at about the same rate as the general population, if either one qualified as an extraordinary and compelling reason, roughly half the prison population would be eligible for compassionate release.

That Hayes has high blood pressure and obesity is also offset by several factors: (1) Hayes states that she receives propranolol to treat high blood pressure, Motion at 1; (2) Hayes is 47 years old; (3) according to the BOP's latest data, there are no current cases of Covid-19 at Tallahassee FCI[5]; and (4) the BOP has undertaken extensive efforts to control the spread of the virus within its facilities. Taken together, the record does not show that Hayes suffers from a serious medical or physical condition "that substantially diminishes [her] ability … to provide self-care within the environment of a correctional facility and from which … she is not expected to recover." U.S.S.G. § 1B1.13, cmt. 1(A)(ii).

Moreover, even if Hayes had demonstrated extraordinary and compelling reasons for compassionate release, the Court would still have to consider the sentencing factors under 18 U.S.C. § 3553(a). Id., § 3582(c)(1)(A). These factors do not support early release. Hayes has a lengthy history of committing fraud-related offenses. (Doc. 58, PSR at ¶¶ 42-49). Hayes has been sentenced to a term of incarceration on several occasions, see, e.g., id. at ¶¶ 43, 47-49, but has not been deterred from committing further fraud crimes. Instead, her offense conduct has escalated. In the instant case, she stole the identities of 45 elderly people, whose ages ranged from 65 to 94, and used their identities to open 86 Sears credit accounts. Id. at ¶¶ 10-14. After opening the fraudulent accounts, she made over 400 purchases totaling $530,339.68. Id. at ¶ 14. The Court varied 11 months below

---

[4] https://www.cdc.gov/obesity/data/adult.html
[5] https://www.bop.gov/coronavirus/

the advisory Sentencing Guidelines range despite the seriousness of the offense. (Doc. 72, Sentencing Transcript at 22-25). Importantly though, the Court observed that a previous 4-year sentence had proven inadequate to deter Hayes from committing further crimes, such that "[a]ny lesser sentence than at least 5 years would be similarly inadequate." Id. at 24. Were the Court to grant Hayes's Motion now, it would effectively reduce her 60-month term of imprisonment to a mere two and a half years, which would fail to reflect the seriousness of the offense, promote respect for the law, provide just punishment, or afford adequate deterrence. 18 U.S.C. § 3553(a)(2); United States v. Pawlowski, --- F. App'x ---, 2020 WL 3483740, at *2-3 (3d Cir. Jun. 26, 2020) (district court properly denied motion for compassionate release, even though defendant suffered from several serious medical conditions, where release would substantially cut short his term of imprisonment).

The Court recognizes that Hayes has suffered with substance abuse and mental health issues and commends her for her accomplishments in prison. See Motion at 1-2. However, the circumstances do not support a sentence reduction. Accordingly, Defendant Chellena Hayes's Motion for Compassionate Release (Doc. 82) is **DENIED**.[6]

**DONE AND ORDERED** at Jacksonville, Florida this 2nd day of July, 2020.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

---

[6] To the extent Defendant requests that the Court order home confinement, the Court cannot grant that request because the Attorney General has exclusive jurisdiction to decide which prisoners to place in the home confinement program. See United States v. Alvarez, No. 19-cr-20343-BLOOM, 2020 WL 2572519, at *2 (S.D. Fla. May 21, 2020); United States v. Calderon, 801 F. App'x 730, 731-32 (11th Cir. 2020) (a district court lacks jurisdiction to grant a request for home confinement under the Second Chance Act).

lc 19

Copies:

Counsel of record

Pro se defendant