# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

vs.                                             Case No.:   3:18-cr-37-MMH-JBT

CHELLENA ARNETTA HAYES

_____/

## ORDER

This case is before the Court on Defendant Chellena Arnetta Hayes's Motion Seeking Emergency Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). (Doc. 88, Emergency Motion for Compassionate Release). Hayes is a 48-year-old inmate incarcerated at Tallahassee FCI, serving a 60-month term of imprisonment for six counts of wire fraud. (Doc. 62, Judgment). According to the Bureau of Prisons (BOP), she is scheduled to be released from prison on April 25, 2023. Hayes seeks compassionate release because of rising Covid-19 cases at her facility and because she suffers from obesity and hypertension. Hayes also argues that she should be transferred to home confinement under the CARES Act, Pub. L. No. 116–136, 134 Stat. 281 (2020), because she is a low-risk inmate, and her sentence resulted from a sentence-stacking provision that the First Step Act of 2018 eliminated.

Hayes previously moved for compassionate release in 2020 based on the Covid-19 pandemic and her conditions of obesity and high blood pressure. (Doc.

82, First Motion for Compassionate Release). The Court denied the First Motion for Compassionate Release on July 2, 2020. (Doc. 87, Order Denying First Motion for Compassionate Release). The Court explained that (1) Hayes had not demonstrated "extraordinary and compelling" circumstances and (2) even if she had, the sentencing factors under 18 U.S.C. § 3553(a) did not support a reduction in sentence. Id. at 3–5.

Hayes's current Motion does not alter that analysis. If anything, circumstances are less extraordinary and compelling now than they were when the Court denied Hayes's First Motion for Compassionate Release over a year ago. At that time, no vaccine against Covid-19 was available; now there are several. According to data from the Centers for Disease Control (CDC), these vaccines are highly effective at preventing death or serious illness from Covid-19, including against emerging variants.[1] And the BOP has endeavored to "mak[e] the vaccine available to all staff and inmates who wish to receive it as quickly as possible," having offered or administered the Covid-19 vaccine to large portions of the federal inmate population since early 2021.[2] Indeed, at

---

[1]     https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html.

[2]     https://www.bop.gov/coronavirus/.

Tallahassee FCI, 90 staff members and 708 inmates (accounting for 77% of the facility's 919 inmates) are fully vaccinated against Covid-19.[3]

Hayes submits no record of her vaccination status, but she implies that she is vaccinated against Covid-19. See Emergency Motion for Compassionate Release at 1 ("Studies also show that vaccination not working favorably with person with obesity BMI[>]30 [sic]." (no citation provided)). Even if she is not vaccinated, she does not allege that she has been denied the opportunity to receive the Covid-19 vaccine. To borrow the words of the Sixth Circuit Court of Appeals:

> [Hayes's] access to the COVID-19 vaccine substantially undermines [her] request for a sentence reduction. To that end, [the Court] agree[s] with the Seventh Circuit that a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an "extraordinary and compelling reason" warranting a sentence reduction. United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021) (Easterbrook, J.). After all, with access to the vaccine, an inmate largely faces the same risk from COVID-19 as those who are not incarcerated. To be sure, inmates in some respects face social distancing challenges distinct from those of the general public (although perhaps not entirely unlike students in dorm rooms, individuals in medical and assisted care facilities, and even residents of densely occupied apartment complexes). But to the extent prisons do offer some unique challenges, the vaccine now significantly reduces the risks associated with COVID-19. And at this intersection of law and science, [the Court] find[s] wisdom in Judge Easterbrook's assessment that "for people living in close quarters, vaccines offer relief far more effective than a judicial order." Id.
>
> [The Court] likewise acknowledge[s], as has the Seventh Circuit, that a prisoner who is "unable to receive or benefit from a vaccine" may still be able to show "extraordinary and compelling reasons" warranting a sentence reduction. Id.; see also United States v. Ugbah, 4 F.4th 595, 597

---

[3]    Id. In addition, only one inmate and zero staff members are currently positive for coronavirus at Tallahassee FCI.

(7th Cir. 2021) (Easterbrook, J.). But if an inmate does not present a compelling reason justifying the failure to be vaccinated despite access to the vaccine, a district court would abuse its discretion by granting a motion seeking a sentence reduction under § 3582(c)(1)(A)(i) on the grounds that COVID-19 constitutes an extraordinary and compelling justification. See Ugbah, 4 F.4th at 597; see also Broadfield, 5 F.4th at 803 ("[A] prisoner who remains at elevated risk because he has declined to be vaccinated cannot plausibly characterize that risk as an 'extraordinary and compelling' justification for release.").

United States v. Lemons, ⸺ F.4th ⸺, 2021 WL 4699249, at *3 (6th Cir. Oct. 8, 2021); see also Broadfield, 5 F.4th at 803. Accordingly, neither Covid-19 nor Hayes's conditions of obesity and hypertension qualify as "extraordinary and compelling reasons" for a sentence reduction. 18 U.S.C. § 3582(c)(1)(A).

Hayes also argues that she should be transferred to home confinement under the CARES Act because she is at elevated risk of severe infection from Covid-19 and because she is a low-risk inmate. To the extent Hayes requests that the Court order a direct transfer to home confinement, the Court cannot grant that request because the Attorney General and the BOP have exclusive jurisdiction to decide which prisoners to place in the home confinement program. See United States v. Groover, 844 F. App'x 185, 188 (11th Cir. 2021); United States v. Alvarez, No. 19-cr-20343-BLOOM, 2020 WL 2572519, at *2 (S.D. Fla. May 21, 2020).

Hayes further argues that her sentence resulted from a sentence stacking provision that the First Step Act eliminated. Emergency Motion for Compassionate Release at 1; see also First Step Act of 2018, Pub. L. No. 115–

391, 132 Stat. 5194. Hayes is apparently referring to Section 403 of the First Step Act, which limited the application of "stacked" 25-year mandatory minimum sentences under 18 U.S.C. § 924(c)(1)(C), a provision that comes into play when a defendant has multiple convictions for possessing, brandishing, or discharging a firearm during or in relation to a drug trafficking crime or a crime of violence. Section 403 is inapplicable to Hayes because she was convicted of wire fraud, not a § 924(c) offense. Even if Section 403 were relevant to Hayes, this change in the law would not qualify as an "extraordinary and compelling reason" under U.S.S.G. § 1B1.13, which remains the applicable policy statement for § 3582(c)(1)(A) motions. United States v. Bryant, 996 F.3d 1243, 1247–48, 1265 (11th Cir. 2021).

For the reasons stated in this Order and in the Court's Order of July 2, 2020 (Doc. 87), Hayes's circumstances do not warrant a sentence reduction under § 3582(c)(1)(A). Accordingly, Hayes's Motion Seeking Emergency Compassionate Release (Doc. 88) is **DENIED**.[4]

**DONE AND ORDERED** at Jacksonville, Florida this 22nd day of October, 2021.

**MARCIA MORALES HOWARD**
United States District Judge

---

[4]    This Motion did not present a genuine emergency. The Court warns Hayes that the unwarranted designation of a motion as an emergency may result in the imposition of sanctions. M.D. Fla. Local Rule 3.01(e).

lc 19

Copies:
Counsel of record
Pro se defendant